ALBERT E. ALCHIN, APPELLANT, v. SUPREME MILK AND CREAM COMPANY, APPELLEE.

Submitted October 13, 1933—Decided January 11, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Joseph B. Schwartz.*

For the appellee, *Morris Margaretten.*

PER CURIAM.

The suit is for alleged unlawful conversion of plaintiff's goods. Defendant held plaintiff's chattel mortgage thereon; plaintiff defaulted, defendant seized the goods and sold them under a power of sale contained in the mortgage and bought them in at the sale. The trial court entered judgment for the defendant. That was correct. The only point made for the plaintiff-appellant is that defendant was required by section 21 of the Sales act to reserve the right to bid at the chattel mortgage sale. But in our opinion that section has no application to sales under chattel mortgages. Whatever may be the rule laid down by statute or decisions, or both, in other jurisdictions, it has always been the recognized and customary practice for the chattel mortgagee to bid at his own sale under the mortgage, and the natural assumption is that he will do so. There is nothing in the Chattel Mortgage act regulating the manner of sale, and usually the mortgage itself contains provisions in that regard. The provision in the Sales act relates to auction sales by an owner or under authority of an owner, and not sales in enforcement of a lien.

Apart from statute, we think it is correctly said in 5 *R. C.*

*L.* 471, that "the most that could be held in case the mortgagee became a purchaser at his own sale, made under a power, would be to cast upon him the burden of showing that the sale was fairly and openly made, in strict compliance with the power, and that the price paid was not so clearly and grossly disproportioned to the value of the property as to raise a presumption of fraud or bad faith." Of such a situation there is no suggestion in the case before us, the attack being based, as has been said, upon the sole ground that section 21 of the Sales act was not followed.

The judgment is affirmed, with costs.